DU PAGE AVIATION CORPORATION, Plaintiff-Appellee, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellant.

Second District (2nd Division)   No. 74-80

Opinion filed April 20, 1976.

William J. Scott, Attorney General, of Chicago (Bonnie Barezky, Assistant Attorney General, of counsel), for appellant.

Kreger & Karton, of Chicago, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant, Department of Revenue, issued a use tax deficiency notice to plaintiff, Du Page Aviation Corp., for the sum of $5,590.14 alleging that plaintiff owed this sum for its business use of 10 airplanes from August of 1969, through June 1971. Plaintiff protested the assessment and was granted an administrative hearing before the Department of Revenue. The hearing officer found for the Department, holding that plaintiff's use of these airplanes was a taxable use. Pursuant to the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, §264 *et seq.*), plaintiff petitioned the circuit court for review. After reviewing the record, that court found

the hearing officer's determination to be against the manifest weight of the evidence and reversed the finding. The Department now appeals from the circuit court's decision.

At the administrative hearing, the only witness to testify on behalf of the Department of Revenue was auditor Alice Keasler, who had previously examined plaintiff's records and determined that the use tax in question was owed. She testified that plaintiff's business included selling airplanes and airplane fuel, giving flight instructions and leasing planes. Upon examination of plaintiff's books, she had found that of the airplanes plaintiff had purchased between February 1968 and the time of the audit, May 1972, 10 had been used by plaintiff for over 18 months before being sold. The auditor stated that plaintiff's having held the 10 planes for over 18 months before selling them was, for her, the determining factor in deciding that plaintiff was subject to use tax liability. When questioned about plaintiff's acquisition of these planes, she stated that seven had been purchased from Aviation Activities, Inc., and three from Walston Aviation, Inc., for a total purchase price of $99,781, the amount on which the tax was assessed. The auditor did not know whether the two corporations from which the planes were purchased were distributors selling planes only to retailers or whether they were retailers who sold planes to the general public. As to the use plaintiff made of the 10 planes, Mrs. Keasler related that they were used for either flight instruction or charter flights and that some of the planes were taken out of plaintiff's sales inventory, although she could not remember how many planes or which ones were so removed. She testified that eventually the planes were all sold. Plaintiff paid the Retailer's Occupation Tax on these sales.

Plaintiff, in presenting its case, also called only one witness. Nancy Rosenwinkle, the vice-president of Du Page Aviation Corporation, stated that Aviation Activities, Inc., and Walston Aviation, Inc., were not retailers but that they were distributors for Cessna Aircraft, both firms selling their planes only to retailers for resale. She testified that all 10 planes were kept in plaintiff's sales inventory until they were sold and, in the interim, were used for the purpose of sales promotion, being leased or used for flight instruction in an effort to attract the buying interest of the customers who either leased the planes or received flight instruction in them. Some of plaintiff's planes had, in fact, been sold to people who had leased them, she stated, while others had been sold to former flight students. On cross-examination, Mrs. Rosenwinkle refused to characterize plaintiff's business as more service oriented than sales oriented, and she said that the company did have a sales manager.

In addition to this testimony, plaintiff introduced three invoices from its acquisition of three of the ten planes in question: two invoices from Walston Aviation, Inc., and one from Aviation Activities, Inc., all three

specifying that the three planes were sold to plaintiff for the purpose of resale and that no Retailer's Occupation Tax was paid when the planes were sold to plaintiff.

■■  The use tax is a tax imposed on the privilege of using tangible personal property purchased at retail from a retailer. (Ill. Rev. Stat. 1973, ch. 120, §439.3.) As explained in Use Tax Rule No. 3, the application of the use tax is limited by the requirement that the property, the use of which is being taxed, must have been acquired by a retailer at retail. Plaintiff initially contends that the two companies from which it bought the ten planes in question are not retailers and thus the Use Tax Act is not here applicable.

■■  "Purchase at retail" is defined by the Use Tax Act to mean "the acquisition of the ownership of or title to tangible personal property through a sale at retail." (Ill. Rev. Stat. 1973, ch. 120, §439.2.) "Sale at retail" means:

> "* * * any transfer of the ownership of or title to tangible personal property to a purchaser, for the purpose of use, and not for the purpose of resale in any form as tangible personal property to the extent not first subjected to a use which it was purchased, for a valuable consideration * * *" Ill. Rev. Stat. 1973, ch. 120, §439.2.

■■  Defendant produced no testimony or any other evidence to support its claim that plaintiff purchased these planes from a retailer at retail. Uncontroverted was the testimony of plaintiff's vice-president who stated that the planes were originally purchased from the manufacturer's distributors who sold only to retailers for resale. Such testimony was bolstered by invoices for three of the planes showing that the planes were sold for the purpose of resale, and that in none of the three transactions was the Retailer's Occupation Tax collected. Based upon this evidence, it is clear that the hearing officer's finding (that Aviation Activities, Inc., and Walston Aviation, Inc., were retailers) was against the manifest weight of the evidence and must be rejected. See *Kerr v. Police Board*, 59 Ill. 2d 140, 141-42 (1974); *Marion Power Shovel Co. v. Department of Revenue*, 42 Ill. 2d 13, 17 (1969).

■■  Further, "use" for which a use tax is imposed does not include a retailer's use of his sales inventory for demonstration purposes. (Ill. Rev. Stat. 1973, ch. 120, §439.2.) This exemption is explained by Use Tax Rule No. 3.2 which provides that a retailer is not subject to the use tax for his leasing of items contained in his sales inventory if that property is held primarily for sale with the leasing being done for the purpose of inducing sales. While it is true that one who claims the shelter of a tax exemption bears the burden of proving that he is entitled to its protection (*Skil Corp. v. Korzen*, 32 Ill. 2d 249, 251 (1965); *City of Lawrenceville v. Maxwell*, 6

Ill. 2d 42, 48-49 (1955)), a review of the record reveals that plaintiff has met this burden, and its use of the ten planes fits within the demonstration exemption authorized by section 439.3 and elaborated by Use Tax Rule No. 3.2.

The Department's auditor testified plaintiff's use tax liability was determined on the basis of plaintiff having held these planes in excess of 18 months before selling them. For this proposition the Department relies on *Illinois Road Equipment Co. v. Department of Revenue*, 32 Ill. 2d 576 (1965), a consolidated appeal involving two retail sellers of heavy construction machinery. There, plaintiff companies rented some of their respective machinery to prospective buyers for the alleged purpose of allowing the lessees to determine if they wanted to purchase the leased machinery. The rental periods were of short duration, each lasting from 1 to 90 days, although, in a few cases, these periods were extended. One of the plaintiff companies included in some of its leases specific options to purchase, while none of the second company's leases contained such a clause. If a lessee of either company agreed to purchase the machinery, the purchase price was reduced by the amount of rent paid. All of the plaintiff's equipment which they rented was kept in their sales inventory and they had no equipment held primarily for rental. The amount collected for rent by one of the companies averaged less than 1% of its annual gross income. Holding that plaintiffs were not liable for the use tax in this situation, the court stated that the renting of the machinery was a method used by plaintiffs to promote their sales and was not a distinct enterprise from the business of selling the machinery at retail. The court did not in any way indicate that, had the machinery been leased in excess of 18 months, plaintiffs would then have been liable for the assessed tax.

As the Department admitted on oral argument, there was at the time of audit no valid rule or regulation of the Department of Revenue which restricted the length of time property could be held before use tax liability would accrue.

■■ We have determined that plaintiff did not acquire the airplanes as the result of a retail transaction; that the demonstration exemption was properly claimed for the use of the planes; and that at the time of the audit no valid rule or regulation of the Department of Revenue restricted the length of time property could be used for demonstration purposes. We, therefore, affirm the circuit court's decision reversing the hearing officer's finding of use tax liability.

Order affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.