CHICAGO & ILLINOIS MIDLAND RAILWAY COMPANY, Plaintiff-Appellant,
*v.* THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellees.

First District (1st Division)    No. 77-1800

Opinion filed October 30, 1978.—Rehearing denied November 22, 1978.

Isham, Lincoln & Beale, of Chicago (Philip F. Purcell and Clark Evans Downs, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (George H. Klumpner, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Chicago & Illinois Midland Railway Company (plaintiff) brought suit against the Department of Revenue of the State of Illinois (Department), Robert H. Allphin, as Director of Revenue of the State of Illinois, and Alan J. Dixon, as Treasurer of the State of Illinois (defendants), to enjoin them from paying into the State treasury $92,746.03 paid by plaintiff under protest as use tax on certain railroad cars and repair parts and to obtain a refund of that amount on the ground that the property was rolling stock used in interstate commerce and exempt from taxation under section 3 of the Use Tax Act. (Ill. Rev. Stat. 1971, ch. 120, par. 439.3(b).) The matter was submitted on stipulated facts. The circuit court of Cook County entered judgment for defendants. Plaintiff appeals, contending that the

trial court erred in ruling that there was a temporal limitation on the rolling stock exemption.

Between January 1971 and April 1971 plaintiff, an interstate carrier for hire, purchased 200 coal cars from Thrall Car Manufacturing Co., a retailer within the meaning of the Use Tax Act. The cars were delivered in Illinois from February 1971 to April 1971. Plaintiff paid no use tax to the retailer for the cars. Between July 1, 1970, and June 30, 1973, plaintiff purchased railroad car repair materials from retailers to whom no use tax was paid on the materials.

Following a Department of Revenue audit of plaintiff's books for the period from July 1, 1970, to June 30, 1973, the Department agreed to the application of the rolling stock exemption of the Use Tax Act to 108 of the railroad cars which had been leased to another interstate carrier for hire for use outside of Illinois. As to the 92 cars which had not been used outside of Illinois during the audit period, the Department disputed application of the rolling stock exemption and notified plaintiff of a deficiency for that period. Subsequent to the audit period, all of the 92 cars were used in Indiana and in the western coal trade from Wyoming and Montana. The amount of the deficiency included the use tax on 92 cars, a use tax on a percentage of the repair materials purchased by plaintiff during that period and interest on the taxes claimed. The parties agreed that the use tax status of the railroad cars would also apply to the repair materials. The dollar amounts of tax are not in dispute. After paying the amount of the deficiency claimed under protest, plaintiff commenced this litigation.

Plaintiff contends that no temporal limitations on the rolling stock exemption are imposed by statute or regulation and that the Department can neither limit nor extend the scope of the statute by regulation or by *ad hoc* administrative action. It argues that if the rolling stock is used at any time in interstate commerce, the exemption applies. The Department contends that the taxable event is the use of tangible personal property in Illinois. The taxable use occurred after plaintiff received the railroad cars in Illinois, which are therefore subject to the use tax. No interstate use occurred during the audit period to qualify the property for exemption.

The parties agree that the Use Tax Act applies to the railroad cars unless they come within the rolling stock exemption of section 3(b) of that Act, which provides (Ill. Rev. Stat. 1971, ch. 120, par. 439.3):

> "To prevent actual or likely multistate taxation, the tax herein imposed does not apply to the use of tangible personal property in this State under the following circumstances:
>
> * * *
>
> (b) the use, in this State, of tangible personal property by an

interstate carrier for hire as rolling stock moving in interstate commerce * * *."

It is further agreed that plaintiff is an interstate carrier for hire and that the railroad cars are rolling stock. On oral argument, plaintiff's counsel stated that the 92 cars were used in intrastate commerce during the audit period. The issue, then, is whether rolling stock purchased and delivered in Illinois and which for a period of 20 months is used only in Illinois in intrastate commerce moves in interstate commerce so as to qualify for the rolling stock exemption of the Use Tax Act. We conclude that it does not so qualify.

■■ The plain language of the statute requires that only rolling stock "moving in interstate commerce" is exempt. In the period under consideration, plaintiff admitted that the 92 cars were used in Illinois in intrastate commerce. Clearly, those cars did not "move in interstate commerce." Their use in Illinois is clearly subject to the Use Tax Act. (*United Air Lines, Inc. v. Mahin* (1973), 410 U.S. 623, 35 L. Ed. 545, 93 S. Ct. 1186; Ill. Rev. Stat. 1971, ch. 120, par. 439.2.) The trial court correctly determined that plaintiff's use of the railroad cars was subject to the tax.

■■ Plaintiff argues that defendant is limiting the plain meaning of the "rolling stock exemption" by considering only the movement of the cars during the audit period. In support, plaintiff cites *Burlington Northern, Inc. v. Department of Revenue* (1975), 32 Ill. App. 3d 166, 336 N.E.2d 170, for the proposition that an auditor cannot alter the plain meaning of the statute. Although we agree with that principle of law, we find it inapplicable here. The auditor did not alter the plain meaning of the statute by restricting his attention to the audit period. Some period had to be chosen in order to be able to administer the Act. The Department correctly points out that the statute of limitations contained in the Use Tax Act was used to determine the audit period. (See Ill. Rev. Stat. 1971, ch. 120, pars. 439.12 and 443.) Indeed, in *Burlington Northern* the court, in applying the exemption, considered only those movements of the rolling stock during the audit period utilized in that case. (See *Burlington Northern*, 32 Ill. App. 3d 166, 170, 336 N.E.2d 170, 179.) Plaintiff also cites *Du Page Aviation Corp. v. Department of Revenue* (1976), 37 Ill. App. 3d 587, 346 N.E.2d 8, for the proposition that the Department cannot place a temporal limit on an exemption if the statute does not limit it. The court there did so state, but under significantly different circumstances. There it was shown by uncontroverted evidence that the aircraft involved "were sold for the purpose of resale" (37 Ill. App. 3d 587, 590). Therefore, use tax was not applicable under the statutory definition of "sale at retail" which does not include transfer of personal property for the purpose of resale. (Ill. Rev. Stat. 1971, ch. 120, par. 439.2.) In addition, the retailer there involved did not "use" the property within the State of Illinois as did

the plaintiff in the case before us. The court in *Du Page Aviation* specifically pointed out that under the statutory definition of "use" the use by a retailer of his sales inventory "for demonstration purposes" does not justify imposition of the tax. (37 Ill. App. 3d 587, 590, and Ill. Rev. Stat. 1971, ch. 120, par. 439.2, at the definition of "Use.") In our opinion, in the *Du Page Aviation* case, the Department was trying to restrict the length of time during which a clearly applicable exemption would apply. Here, the property because of its intrastate use in Illinois was not exempt for the period covered by the audit.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.