(No. 41757.—

JOHN J. KAMMERER, Appellant, *vs.* BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF LOMBARD *et al.,* Appellees.

*Opinion filed January 28, 1970.—Rehearing denied March 23, 1970.*

Richard F. McPartlin and William E. Corrigan, both of Chicago, for appellant.

Walter C. Wellman, of Lyons, and Peregrine, Stime & Henninger, of Wheaton, for appellees.

Mr. Justice Schaefer delivered the opinion of the court:

The plaintiff, John J. Kammerer, had been a patrolman on the Village of Lombard police force since 1958. He was dismissed from the force after a hearing before the Board of Fire and Police Commissioners of the Village upon charges that he had violated certain rules and regulations of the police department. In this administrative review action, the circuit court of Du Page County affirmed the order of the Board, and the plaintiff has appealed directly to this court. His contentions are that he was denied the assistance of counsel in his hearing before the Board and that he was forced to testify against himself in violation of his constitutional rights under the fifth and fourteenth amendments to the United States constitution and sections 2 and 10 of article II of the Illinois constitution.

Some of the charges against the plaintiff were dismissed at the conclusion of the hearing before the Board. Those which were sustained were that he had disobeyed the order of a superior officer to accept an issue of mace; violated a rule of the police department by improper absence from duty; and violated other rules of the department, as well as

a rule of the Federal Communications Commission and a section of the Illinois Criminal Code (Ill. Rev. Stat. 1965, ch. 38, par. 21—1), in that he kicked and damaged a squad car while he was off duty and, during the same incident, made an unauthorized transmission over the car radio impugning the character of the chief of police.

Officer Kammerer was suspended from duty as of July 19, 1967. He received notice of the charges filed against him on July 20, 1967; supplementary charges were served on July 26, 1967. The hearing on the charges was originally set for August 12, 1967. Kammerer wrote to the Board on August 7, 1967, stating that he would be unable to appear on August 12 because "I have not been able, financially, to secure the services of an attorney." He further stated that he hoped to be able to secure legal assistance "within the week," and requested a three-to-five-week continuance "depending on the availability of an attorney and my ability to secure his services."

Kammerer appeared *pro se* before the Board on August 12 and offered to proceed without counsel if the chief of police would agree to do the same. When the chief refused this offer, Kammerer, who was employed elsewhere on a part-time basis during his suspension, stated that he had discussed retainer fees with several attorneys and that "it would take me at least two, possibly three weeks for me to save up the money necessary to have a retainer." He said that his own personal attorney had declined to handle the case for "reasons which are basically political." The Board urged him to obtain legal assistance and suggested that he contact police associations, the Legal Aid Society, or the Du Page County Bar Association. Over his objection, the Board continued the hearing for one week until August 19, 1967, to permit him to secure counsel.

On August 19, the plaintiff stated that he had retained an attorney to represent him but that his attorney would

be unable to appear at the hearing on that date. Although his attorney had assured him that he would arrange for an appropriate continuance, none of the members of the Board had received any request for a continuance. Over Kammerer's objection, the Board concluded that he had been given sufficient time to obtain counsel and decided to proceed with the presentation of evidence. Kammerer refused to plead to the charges against him without counsel, so a plea of not guilty was entered for him. He was permitted to reserve an opening statement until his retained counsel could be present. He was also granted permission to cross-examine witnesses and was assured that if and when his attorney appeared at a subsequent hearing he would be allowed to recall witnesses for further cross-examination. With this understanding, the plaintiff conducted his own defense, including the cross-examination of all the witnesses against him. At the conclusion of the hearing on August 19 the matter was continued until August 30.

On August 30 the plaintiff's attorney did not appear, although he had been notified of the date and had received a transcript of the testimony heard on August 19. During the proceedings on August 30, Officer Kammerer continued to conduct his own defense and to cross-examine witnesses. He made no further objection or request for a continuance.

The hearing was resumed on September 2, 1967. Officer Kammerer's attorney still did not appear. Officer Kammerer called six witnesses in his own behalf and examined them extensively. At the conclusion of all the evidence, he made a closing argument before the Board in which he stated: "First of all, let me say that I ultimately chose to go without counsel in this matter insomuch as we went this far, not purely on my own. I explained it was financial. I had, as you know, contacted an attorney and it was dependent upon my supplying him with a retainer."

He contends in this court that by refusing to grant him

a three-to-five-week continuance to obtain an attorney, the Board forced him to proceed through the hearing without counsel in violation of his due-process right to a fair trial. We do not agree. It is true that "Administrative as well as judicial proceedings are governed by the fundamental principles and requirements of due process of law." (*Brown* v. *Air Pollution Control Bd.*, 37 Ill.2d 450, 454). But the Board was under no constitutional obligation to appoint counsel for Officer Kammerer in the disciplinary proceeding if he could not afford, or for other reasons could not or did not obtain, counsel for himself. Whether and how long a respondent may delay a proceeding of this kind in order to secure the counsel of his choice is primarily within the discretion of the Board. *People ex rel. Mercer* v. *Zearing*, 305 Ill. 503; *Leathers* v. *Leathers*, 13 Ill.2d 348; *Brown* v. *Air Pollution Control Bd.*, 37 Ill.2d 450.

We cannot say that the Board abused its discretion by refusing to grant the plaintiff the lengthy continuance he requested. This case differs fundamentally from the "highly unusual" circumstances that existed in *Brown* v. *Air Pollution Control Bd.*, 37 Ill.2d 450, 456. In this case the plaintiff originally had 24 days from the time he received notice of the charges against him in which to obtain the assistance of an attorney. The Board granted him an additional one week's time and agreed to recall witnesses for additional cross-examination by his attorney. We hold that he was not denied due process of law.

Nor are we impressed by Officer Kammerer's argument that he was compelled to testify against himself in violation of his privilege against self-incrimination. During the course of the hearing, he was called to the witness stand. He inquired whether he would have to "answer to that" without a subpoena, and was informed that he was "required to testify." He took the oath, gave his name and age, but then refused to "answer any further questions on the grounds that I am not represented by counsel and I am being deprived

of my rights." The Board again directed him to answer. He then answered all of the questions propounded to him.

One of the rule violations with which he was charged was that he had kicked and damaged a squad car in violation of a criminal statute. (Ill. Rev. Stat. 1965, ch. 38, par. 21—1.) With respect to this charge, the record shows that during an evening of social drinking, Kammerer and another policeman, both off duty and in civilian clothes, happened upon a police officer on duty in his squad car and engaged in conversation. One topic of conversation was the plaintiff's displeasure with the results of a recent examination he had taken for the rank of corporal. A third off-duty policeman joined in the conversation, and while all were present, Officer Kammerer kicked and dented the side of the squad car. Immediately thereafter, he called the police dispatcher on the car radio and inquired whether the chief of police was still "fixing tickets." The plaintiff admitted under questioning while he was on the stand that he had kicked the squad car and made the unauthorized radio call. Later in the hearing, when he was examining witnesses in his own behalf, he stated: "I would like, on the specific charge of striking the car with my foot, to enter a plea of guilty. I believe, gentlemen—I am not counsel—but I believe the correct plea that I have in mind is guilty due to aggravation with mitigating circumstances."

In *Garrity* v. *New Jersey* (1967), 385 U.S. 493, 17 L. Ed. 2d 562, 87 S. Ct. 616, the Supreme Court held that when a policeman is compelled to testify by the threat that if he does not he will be removed from office, the testimony that he gives cannot be used in a subsequent criminal prosecution against him. Here the plaintiff was not warned that anything he said could be used against him in a criminal prosecution or that he had a privilege against self-incrimination. Moreover, the Board's instruction that he was "required to testify" carried the implied threat that if he did not do so he would be subject to dismissal solely for his re-

fusal. Therefore, under the holding of the *Garrity* case, nothing that he said could be used against him in a later criminal proceeding.

*Gardner v. Broderick* (1968), 392 U.S. 273, 20 L. Ed. 2d 1082, 88A S. Ct. 1913, upon which the plaintiff apparently relies, is distinguishable. There the court held that a policeman who refuses to waive his privilege against self-incrimination or to sign a waiver of immunity may not be dismissed from office solely for that refusal. In the course of its opinion the court stated: "If appellant, a policeman, had refused to answer questions specifically, directly, and narrowly relating to the performance of his official duties, without being required to waive his immunity with respect to the use of his answers or the fruits thereof in a criminal prosecution of himself, * * * the privilege against self-incrimination would not have been a bar to his dismissal." (392 U.S. at 278.) In the present case the plaintiff was not asked to waive his privilege against self-incrimination, and no immunity statute was involved.

The net of these decisions, as we understand them, is that if a public employee refuses to testify as to a matter concerning which his employer is entitled to inquire, he may be discharged for insubordination, but if he does testify his answers may not be used against him in a subsequent criminal prosecution. No case has been cited, and we have found none, which holds that a public employer, in the course of a disciplinary hearing into an employee's conduct, may not require the employee to disclose information reasonably related to his fitness for continued employment. We think that the plaintiff's conduct in kicking a squad car and impugning the character of the chief of police was not only conduct into which the Board was entitled to inquire, but also constituted cause for discharge.

Apart from officer Kammerer's testimony there was sufficient evidence to justify his dismissal. Other officers who were present during the incident involving the squad

car testified that Officer Kammerer kicked and damaged the vehicle and that he made the unauthorized radio transmission critical of the chief of police. In view of all the evidence presented to the Board, we cannot say that its action was arbitrary or that its decision was contrary to the weight of the evidence.

The judgment of the circuit court of Du Page County is affirmed.

*Judgment affirmed.*