(No. 46166.—

CLARENCE F. KERR, Appellee, v. THE POLICE BOARD OF THE CITY OF CHICAGO *et al.,* Appellants.

*Opinion filed November 18, 1974.*

Richard L. Curry, Corporation Counsel, of Chicago (Daniel Pascale and Edmund Hatfield, Assistants Corporation Counsel, of counsel), for appellants.

Coghlan and Joyce, of Chicago (Martin D. Coghlan, of counsel), for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

This case arises from proceedings originally held before the Police Board of the City of Chicago. The Police Board suspended Clarence Kerr for six months. The circuit court of Cook County, hearing the case on administrative review, reversed the judgment of the Police Board, and found that the judgment of that body was against the manifest weight of the evidence. The appellate court affirmed the judgment of the circuit court. (12 Ill. App. 3d 901.) We granted leave to appeal.

The appellants argue that the courts below have exceeded their statutory jurisdiction by substituting their evaluation of the credibility of witnesses for that of the finder of facts; and that the "manifest weight of the evidence" rule should be abandoned in favor of the "substantial evidence" standard followed in the Federal courts.

We will first consider the suggestion that we adopt the "substantial evidence" test. That contention was recently raised by the same Police Board in the case of *Basketfield v. Police Board of Chicago* (1974), 56 Ill.2d 351. In *Basketfield,* this court, at pages 358-359, stated:

"Initially appellant seeks to have this court apply a 'substantial evidence' standard as used in the Federal system for review of administrative matters (5 U.S.C. sec. 706(2)(E)). It suggests adaptation of the *Pedrick* norm to define the term 'substantial evidence.' (*Pedrick v. Peoria and Eastern R.R. Co.,* 37 Ill.2d 494, 510.) We reject this contention. Under the Administrative Review Act the permissible scope of judicial inquiry concerning factual determinations by administrative agencies has been limited to ascertaining if

the agency decision was contrary to the manifest weight of the evidence. (*Davern v. Civil Service Com. of Chicago*, 47 Ill.2d 469, 471-2, *cert. denied*, 403 U.S. 918.) This court, however, will not hesitate to grant relief where the record does not disclose evidentiary support for the agency's determination. *Harrison v. Civil Service Com. of Chicago*, 1 Ill.2d 137."

We will therefore look to the facts as established in the record and apply the "manifest weight of the evidence" rule.

The charges against Sergeant Kerr were set forth in the following specifications:

"It is charged that Sergeant Clarence Kerr, Star No. 1250, a sergeant of police in the service of the City of Chicago was guilty of violating Rule 2, 'Any action or conduct which impedes the Department's efforts to achieve its goals, or brings discredit upon the Department,' as specified in the following paragraphs:

It is further charged that Sergeant Clarence Kerr, was guilty of violating Rule 5, 'Failure to perform a duty', in that on November 13, 1969, having knowledge that one Helmuth Konrad had committed several traffic violations he did not take appropriate action to have Konrad charged with said violations.

It is further charged that Sergeant Clarence Kerr, was guilty of violating Rule 5, 'Failure to perform a duty', in that on November 13, 1969 he did not exercise his supervisory authority over patrolman Frank Visco, his subordinate, to see that the proper reports and citations were made and issued regarding their investigation of an accident involving one Helmuth Konrad.

It is further charged that Sergeant Clarence Kerr, was guilty of violating Rule 21, 'Failure to report to the Department any violation of the Rules and Regulations or any improper conduct,' in that on November 13, 1969, though being present when patrolman Frank Visco solicited a sum of money and accepted the sum of approximately $300.00 from a Mrs. Konrad, he did not report said actions to the Department.

It is further charged that Sergeant Clarence Kerr, was

guilty of violating Rule 21, 'Failure to report to the Department any violation of the Rules and Regulations or any improper conduct,' in that on November 13, 1969 having knowledge that his subordinate did falsify an official report regarding an accident did not report said act to the Department."

The Police Board made specific findings of fact after the hearing was had, and found Sergeant Kerr guilty of violating Rules 2 and 5, the violation of Rule 2 being that he had violated Rule 5.

Kerr was not found guilty by the Police Board of knowledge of an alleged bribe.

The Police Board claims that the case against Kerr was based upon the testimony of three allegedly unimpeached witnesses, all of whom, it claims, testified not only against their own interest, but even incriminated themselves by their testimony. One of these witnesses, Helmuth Konrad, testified that he was involved in two separate accidents, and that at the time he was under the influence of intoxicating liquor; that he was unaccustomed to drinking beverages stronger than beer and usually did not drink at all, but on this occasion, he drank six double brandies in a three and one-half hour period before the accident. However, Konrad was able to drive away from the Aamco Transmission Shop accident even though he had driven through a plate glass window of the shop and had broken his leg. Eventually he allegedly drove through a garden and into the side of a house.

Konrad admitted that he never recalled seeing Kerr or hitting the Aamco Transmission Shop; and that he didn't know what street he was on. Konrad's wife insisted and urged that he had done nothing wrong, but rather, that the rear end of his car had been hit and had been forced off the road. When Kerr arrived at the Rascher and Octavia Street accident, he saw a well dressed man (Konrad), who was in great pain, sitting up against his car.

The appellate court opinion found that there was no substantial evidence which indicated that Kerr knew of

any of Konrad's misconduct at the time of the investigation. We agree.

The other allegedly unimpeached witnesses were Konrad's wife, Winifred, and his half-brother, Otto Bernsee. They both testified that they paid a solicited bribe of $300 to Officer Visco, in the presence of his superior officer, Sergeant Kerr, to forestall the pertinent charges being made against Konrad. Kerr denied these statements. The testimony of Helmuth Konrad, Winifred Konrad and Otto Bernsee contained many contradictory statements, which had a strong bearing on its credibility.

On the basis of that testimony, the Police Board made the following findings:

"5. Respondent as charged herein, contrary to the Rules and Regulations of the Department of Police is guilty to violating Rule 2 ***.

6. Respondent as charged herein, contrary to the Rules and Regulations of the Department of Police is guilty of violating Rule 5 ***.

7. Respondent as charged herein, contrary to the Rules and Regulations of the Department of Police is guilty of violating Rule 5, *** in that on November 13, 1969, he failed to exercise his supervisory authority over Patrolman Frank Visco, his subordinate to oversee that the proper reports and citations were made and issued regarding their investigation of an accident involving one Helmuth Konrad."

It is obvious that the Board did not believe Winifred Konrad or Otto Bernsee as to their testimony concerning allegations of bribery in that the Board did not find Kerr guilty of knowledge of the bribery. While, technically, they may have been unimpeached, the Police Board did not find their testimony to be credible as to the bribery issue.

Kerr testified that he told John Martin, Jr., the owner of the house which Konrad had struck, that it was apparently a case of a driver running off of the roadway and striking his home, and that Konrad told Martin he had insurance to cover the accident and damage and Konrad

gave Kerr his insurance identification card and driver's license. Kerr further told Martin that perhaps the driver had fallen asleep, but they weren't sure, and that a ticket would be issued for running off the roadway. Kerr further testified that "I instructed Visco to give the necessary court information to Mr. Martin (owner of the house), to write out his name, address, telephone number and insurance identification card, court date, charge, the time the case would be heard, the room it would be heard in; and I ordered an ambulance to take Konrad to the hospital and told Visco to call his wife about the injury and that he was at the Resurrection Hospital." Kerr then went to the hospital to talk further with Konrad. Konrad informed Kerr and Visco at the hospital that he had been hit from the rear and forced off of the roadway. Mrs. Konrad said that the rear of the car was not damaged before the accident, and that therefore any damage received was due to the accident.

When Kerr returned to the car after seeing Konrad at the hospital, Kerr observed that the front seat of the car was broken backward at a 90 degree angle, and that the car could not be driven with the seat in that position; that there was a dent in the rear bumper and mud guard and the car trunk was sprung all out of shape. After making these observations he discussed the situation with Visco, and then told Visco that he would have to make it a two-car accident with the other vehicle leaving the scene of the accident. This version of this part of the accident was in accord with Konrad's statements. Mrs. Konrad verified that the car had not been damaged prior to this occasion.

Immediately before going to the scene of the Konrad accident at Rascher and Octavia Streets, Kerr had been at the scene of the Konrad accident at an Aamco Transmission Shop about two and one-half miles away. He knew that a white car had been involved, but upon leaving the scene of the Aamco accident he was led to believe by the dispatcher that all parties concerned with the Konrad

Aamco accident were in the police station, and that an Officer Adams was handling the assignment.

Kerr testified that he did not smell the odor of alcohol on Konrad's breath, nor did the two persons who operated the ambulance and who lifted Konrad into it. The ambulance operators checked for the odor of alcohol to determine if the victim being transported was suffering from intoxication, or other more serious problems.

The testimony relative to intoxication in support of the finding of the Board is that of Helmuth Konrad, and his statement to the Board that he had been drinking before the accident is without corroborating testimony, and was contradicted by the testimony of Kerr and the trained ambulance operators. Konrad's testimony was not consistent as to many events leading up to and following the accident.

Therefore, we find that the judgment of the Police Board of the City of Chicago was against the manifest weight of the evidence, and that the judgment of the appellate court affirming the circuit court of Cook County should be affirmed.

*Judgment affirmed.*