BLUE ARROW DOUGLAS, INC., Plaintiff-Appellee, *v.* MICHAEL J. HOWLETT, Secretary of State, Defendant-Appellant.

First District (1st Division)   No. 76-312

Opinion filed October 24, 1977.

William J. Scott, Attorney General, of Chicago (Robert G. Epsteen, Assistant Attorney General, of counsel), for appellant.

Harold I. Levine, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Blue Arrow Douglas, Inc. (plaintiff) brought an action under the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*), to review a decision by the Illinois Secretary of State, Michael J. Howlett (defendant). Defendant had ruled that a vehicle belonging to plaintiff had made an intrastate movement in Illinois and therefore was required to be registered in Illinois under the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 3—402A). The trial court reversed this decision and defendant has appealed.

Defendant contends that his administrative decision was not against the manifest weight of the evidence but was in accordance with law; and the tax imposed on plaintiff is not invalid as a burden on interstate commerce.

An investigator from the Secretary of State's office testified that he stopped a tractor-trailer vehicle belonging to plaintiff at 9:30 a.m. on August 5, 1974, in Chicago. The vehicle displayed a valid Michigan license plate, a valid Illinois reciprocity plate (see Ill. Rev. Stat. 1975, ch. 95½, par. 3—402B), but no Illinois prorate decal (see Ill. Rev. Stat. 1975, ch. 95½, pars. 3—413, 3—701). The driver produced three bills of lading for the cargo in the trailer, No. 4607. Two of the bills of lading were for shipments originating in Flint, Michigan, and destined ultimately for Grand Forks, North Dakota. The third bill of lading was for the shipment here involved. It had been picked up in Grand Rapids, Michigan, brought into Chicago on a different trailer, No. 2605, and then loaded onto this trailer, No. 4607, at the plaintiff's Chicago terminal.

When accosted by the officer, the truck driver was proceeding to the facility of Chippewa Freight Lines, Bedford Park, Illinois. The shipment in question was to have been delivered to Chippewa to be forwarded to Cumberland, Wisconsin, its ultimate destination. The shipments represented by the other two bills of lading would be transferred to another carrier (interlined) for the trip to their ultimate destination in Grand Forks, North Dakota. Agents for defendant required plaintiff to

pay a flat weight tax of $842 for use of the public highways under the Class N designation. Ill. Rev. Stat. 1973, ch. 95½, par. 3—815(a), truck weight of 36,001 lbs. to 41,000 lbs.

Plaintiff's director of safety and personnel testified that the billing of the carrier's charges for these shipments was all done in Michigan. There was never any rebilling for the shipments. He also stated that none of plaintiff's vehicles had Illinois prorate plates. He verified that the shipment here involved, destined ultimately to Cumberland, Wisconsin, did not enter Illinois on trailer No. 4607, but was put on this trailer at plaintiff's Chicago terminal.

Defendant found, as a fact, that the shipment here involved, destined for Wisconsin, was picked up at the plaintiff's Chicago terminal and moved intrastate to Bedford Park, Illinois, for further transport out of the State. Defendant defined an "intrastate" movement as "[t]ransportation wherein cargo or freight is loaded with [sic] Illinois for an Illinois destination" and as such, any motor vehicle operating "intrastate" upon the highways of Illinois was required to be properly registered. Defendant concluded that the required registration was proper and refund of the amount paid was denied.

In approaching the problem of administrative review, our duty is to determine whether the administrative findings of fact are contrary to the manifest weight of the evidence. (*Kerr v. Police Board* (1974), 59 Ill. 2d 140, 141-42, 319 N.E.2d 478.) However, in our opinion, in the case before us, the issue here is one of law. We find no factual dispute.

The first problem is determination of whether plaintiff's vehicle was engaged in an intrastate or interstate movement regarding this shipment. The pertinent statutes identically define "intrastate" or intrastate commerce as (Ill. Rev. Stat. 1973, ch. 95½, pars. 1—134, 3—402A):

> "Transportation originating at any point or place within this State and destined to any other point or place within this State, irrespective of the route, highway or highways traversed, and including transportation which passes into or through another State before delivery is made within this State, and including any act of transportation which includes or completes a pickup within Illinois for delivery within Illinois."

Defendant is vested with the power and duty of administering the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 2—101). This includes power to promulgate rules and regulations as are necessary to carry out the law in the public interest (Ill. Rev. Stat. 1973, ch. 95½, par. 2—104(b)).

Rule 3—402C adopted by defendant sets out a number of definitions for intrastate movements of commercial vehicles. This rule provides as follows:

"A. Transportation of property, cargo or freight from any Illinois point of origin to any Illinois destination.

B. Transportation of property, cargo, or freight from any Illinois point of origin to an Illinois dock, terminal, or warehouse for subsequent reloading or further transport.

C. Transportation wherein cargo or freight is loaded within Illinois for an Illinois destination."

In our opinion, rules A and B above quoted are not applicable to define plaintiff's handling of the shipment in question as intrastate. It is undisputed that this shipment did not originate in Illinois but originated in Grand Rapids, Michigan. The shipment may have been destined to an Illinois point but its ultimate destination was not within Illinois.

In our opinion, paragraph C is the rule applicable to the case before us. It is undisputed that this shipment was loaded "within Illinois" at plaintiff's Chicago terminal. In addition the shipment was loaded at the terminal for an Illinois destination. It is undisputed that plaintiff was to carry the shipment to the facilities of Chippewa Freight in Bedford Park, Illinois, and that there it was to be reloaded and transhipped by Chippewa to its ultimate destination in Cumberland, Wisconsin.

Although the Chicago to Bedford Park trip was but a segment of an itinerary which originated in Michigan and was to come to a final destination in Cumberland, Wisconsin, the shipment entered Illinois on a vehicle and was destined to leave Illinois on another vehicle. Thus, so far as the trip on trailer No. 4607, the unit here involved, is concerned, the shipment originated in Chicago and terminated in Bedford Park and was wholly within Illinois.

Plaintiff nevertheless contends that, even if the movement was intrastate, it qualifies under an exception set forth elsewhere in Rule 3—402C, which allows an "intrastate" movement to be made on foreign plates with a valid Illinois prorate decal under certain circumstances. However, in the case before us, plaintiff's own evidence established that the vehicle did not have a current and valid Illinois prorate decal. This contention, therefore, is without merit.

■■■  We conclude that this movement by plaintiff's vehicle regarding this shipment was intrastate under the applicable statutes and regulations. Therefore it was necessary for the vehicle in question to display a current and valid Illinois prorate decal. Plaintiff was required to pay the flat rate tax under Illinois category N for this operation of the vehicle. See Ill. Rev. Stat. 1973, ch. 95½, par. 3—815(a) at Class N.

■■  Plaintiff's final contention is that the tax here involved is an unlawful burden upon interstate commerce which is the exclusive and proper province of the Federal government. This contention is refuted by *Bode v. Barrett* (1952), 412 Ill. 204, 106 N.E.2d 521, *aff'd* (1953), 344 U.S.

583, 97 L. Ed. 567, 73 S. Ct. 468. The license fee which plaintiff seeks to recover in the case before us is not a tax upon the value of the goods. It is an authorized tax, based on vehicle weight, for the privilege of using the highways of Illinois. (412 Ill. 204, 216-28.) This court has recently pointed out that, "A State can impose a tax on interstate commerce in order to exact compensation for the use and maintenance of facilities provided by the State. [Citations.]" (*National Transportation, Inc. v. Howlett* (1976), 37 Ill. App. 3d 249, 258, 345 N.E.2d 767.) The only issue here would be whether the total tax "levied for the privilege of using roads produces an amount which is shown to be in excess of fair or reasonable compensation to the State for the privilege. [Citations.]" (37 Ill. App. 3d 249, 258.) In the case before us, plaintiff did not introduce evidence to show that the fee in question was excessive, arbitrary, unfair, or was applied in a discriminatory manner.

It remains to comment briefly upon *People v. Barker* (1976), 34 Ill. App. 3d 944, 340 N.E.2d 633, cited by plaintiff. That decision is useful for the information it imparts but it has no precedential value in the case before us. In *Barker*, a truck trailer was shipped by rail from Winter Garden, Florida, to Chicago. There, the entire trailer was transported by a diesel tractor driven by the defendant Barker from Chicago to Plainfield, Illinois. As the court pointed out in *Barker*, the only issue there was "the individual criminal responsibility of defendant * * *." (34 Ill. App. 3d 944, 948.) The court expressly stated that the opinion was not designed to control the issue regarding payment of a license fee by the owner of the truck. 34 Ill. App. 3d 944, 945, 948.

Even more important is the fact that in *Barker* the entire trailer was transported by the defendant without loading or unloading and thus without breaking the bulk of the cargo. The statute contains an exception to the effect that an inbound or outbound movement within Illinois may be completed by a vehicle not based within the State, but registered under an Illinois reciprocity agreement, without the need to comply with the registration and licensing laws of Illinois "only if the operator thereof did not break bulk of the cargo laden in such inbound or outbound trailer or semitrailer." The statute continues that, "Adding or unloading intrastate cargo on such inbound or outbound trailer or semitrailer shall be deemed as breaking bulk." Ill. Rev. Stat. 1973, ch. 95½, par. 3—402B(3)(d).

Quite to the contrary, in the case before us it is undisputed that the cargo in question was brought by plaintiff to its Chicago terminal on plaintiff's trailer No. 2605 and was unloaded there. Then the freight was reloaded onto trailer No. 4607, which was stopped by the officer, for delivery to Bedford Park, Illinois for interlining to Chippewa Freight for transfer to Cumberland, Wisconsin, the ultimate destination. In our

opinion, *Barker*, and the statutory exception cited above, serve only to convince that the movement in question before us was intrastate movement subject to the licensing laws of Illinois as above pointed out.

The judgment appealed from is accordingly reversed.

Judgment reversed.

McGLOON and O'CONNOR, JJ., concur.