MARVIN H. SCHAFER, Plaintiff-Appellant, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF CALUMET CITY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 78-1013

Opinion filed March 21, 1979.

Louis V. Kiefor, of Calumet City, for appellant.

Thomas R. Bobak, of Calumet City, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The Board of Fire & Police Commissioners of Calumet City ordered Police Officer Marvin H. Schafer suspended from the police department for 30 days. Schafer filed a complaint under the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) seeking to set aside that decision. The trial court affirmed the decision of the board and plaintiff appeals.

Plaintiff had been charged with violations of several rules and regulations of the police department: violation of any law or ordinance, discrediting the department, insubordination, disrespect, failure to report an investigation of a member of the department, and failure to report improper conduct of a fellow police officer. The facts are as follows.

On September 11, 1976, plaintiff and Officer Russell Larson were conducting a follow-up investigation of the theft of three air compressors stolen from Inland-Robbins Construction Company in 1972. The initial investigation was conducted by Ronald Dorsey who had recovered two of the stolen compressors. During the investigation, plaintiff noted that the stolen property was not in the police inventory and no reports indicated that the property had been returned to Inland-Robbins. Plaintiff then learned that one of the stolen compressors was in the possession of Dorsey, who was now department chief. Plaintiff and Larson met with the Mayor of Calumet City, Dorsey, and Officer John Sullivan. Plaintiff and Larson stated that Dorsey had a stolen compressor which had not been returned to Inland-Robbins. Dorsey declined to explain his possession of the compressor, and the mayor requested an investigation by the State's Attorney. Such an investigation followed, but the State's Attorney declined to prosecute Dorsey.

On February 19, 1977, plaintiff wrote a letter to the mayor and members of the city council urging them to impose sanctions against Dorsey because he had violated police rules in possessing the stolen property. Dorsey then brought the present charges against plaintiff.

At the hearing, Dorsey testified that after the compressors were recovered he asked Inland-Robbins for one of them. When his request was granted, he installed the compressor in his home. Dorsey testified it was common knowledge within the department that he had the

compressor. Dorsey testified that plaintiff's letter had undermined the effectiveness of the department. Sullivan and the current police chief testified plaintiff's letter demeaned the department and hindered other officers in the performance of their duties.

Plaintiff testified that after the authorities declined to prosecute Dorsey he wrote the letter as a citizen because he believed it wrong for a police officer to possess stolen property. He went on Dorsey's property to confirm the compressor's serial number.

The Board found plaintiff guilty of violating a law or ordinance in that he trespassed on Dorsey's property. It also held that in writing the letter to the council plaintiff brought discredit on the department, and that he failed to make reports to the department. The Board suspended plaintiff for 30 days.

■■ The findings and conclusions of the administrative agency on questions of fact are to be held *prima facie* true and correct. *(Taylor v. Police Board* (1978), 62 Ill. App. 3d 486, 378 N.E.2d 1160.) The scope of judicial review is limited to a determination of whether the findings of the administrative agency are against the manifest weight of the evidence. *(Kerr v. Police Board* (1974), 59 Ill. 2d 140, 319 N.E.2d 478.) For a judgment to be against the manifest weight of the evidence, it must appear that opposite conclusions are clearly evident. *Mobley v. Conlisk* (1978), 59 Ill. App. 3d 1031, 376 N.E.2d 247.

■ In the present case, the Board found that plaintiff had violated a law or ordinance. The basis of the finding was plaintiff's testimony during cross-examination that he confirmed the stolen compressor's serial number by viewing it in Dorsey's back yard. The Board found that plaintiff's entry on Dorsey's land constituted a trespass. To state the finding, we believe, is to demonstrate its absurdity. Such a holding under the circumstances of this case could effectively end many necessary investigations by police officers. Moreover, plaintiff was not charged with a trespass, nor was there any attempt to establish the elements of a trespass, civil or criminal. The Board's finding that plaintiff violated a law or ordinance by committing a trespass is so lacking in substance that it cannot be supported. (See *Tinner v. Police Board* (1978), 62 Ill. App. 3d 204, 378 N.E.2d 1166.) The finding was against the manifest weight of the evidence.

Plaintiff contends that the remaining charges against him stemmed from the letter he wrote the mayor and city council. He maintains that a policeman may not be suspended merely for writing a letter critical of his superiors.

■■ Generally, a public employee cannot be discharged or otherwise penalized for exercising his right to freedom of speech as guaranteed by

the first amendment to the constitution. *(Simcox v. Board of Education* (7th Cir. 1971), 443 F.2d 40; *Küiskila v. Nichols* (7th Cir. 1970), 433 F.2d 745.)* Public employees, including policemen, have a right to speak on matters of public concern; the first amendment will reach and protect some speech of policemen which could be considered derogatory to the department. *(Pickering v. Board of Education* (1968), 391 U.S. 563, 20 L. Ed. 2d 811, 88 S. Ct. 1731; *Muller v. Conlisk* (7th Cir. 1970), 429 F.2d 901; *Rogenski v. Board of Fire & Police Commissioners* (1972), 6 Ill. App. 3d 604, 285 N.E.2d 230.) A police officer's right to speak about matters concerning his employment, however, is not absolute and, in very limited circumstances, a police department may regulate the speech of its employees. *(Hanneman v. Breier* (7th Cir. 1976), 528 F.2d 750; *Kammerer v. Board of Fire & Police Commissioners* (1970), 44 Ill. 2d 500, 256 N.E.2d 12.)* A police officer may exercise his right to free speech as long as he does not impair the administration of the public service in which he is engaged. *(Dendor v. Board of Fire & Police Commissioners* (1973), 11 Ill. App. 3d 582, 297 N.E.2d 316; *Brukiewa v. Police Commissioner* (1970), 257 Md. 36, 263 A.2d 210.) Thus, where it is sought to discipline a police officer for exercising his right to free speech, the public interest and the individual interest of the employee must be balanced against the interest of the department or employer. *(Pickering v. Board of Education; Gasperinetti v. Kerr* (3d Cir. 1977), 568 F.2d 311; *Flynn v. Giarrusso* (E.D. La. 1971), 321 F. Supp. 1295; *Slocum v. Fire & Police Commission* (1972), 8 Ill. App 3d 465, 290 N.E.2d 28.) The public employer has the burden of proving that the employee's exercise of his right to free speech has rendered him unfit to continue in the public service or that the employee's communication has substantially affected the efficient administration of the public service involved. *Dendor v. Board of Fire & Police Commissioners.*

■ In the present case, there was no substantive evidence presented showing that the letter written by plaintiff had a detrimental effect on the administration of the police department. Conclusionary statements to that effect were offered, but no facts were adduced. In our judgment, the letter written by plaintiff could not have affected morale and discipline in the department nor do we perceive how it would hamper officers in the performance of their duties. The honesty and integrity of members of a police department are matters of legitimate public concern and are subjects about which plaintiff properly could comment. Plaintiff's letter that another officer possessed stolen property was a proper exercise of his right to free speech. Under the facts and circumstances of this case, it was not grounds for plaintiff's suspension.

Only a brief comment is necessary concerning the Board's finding that plaintiff failed to report an investigation of a fellow officer and failed

to report another officer's improper conduct. Since Dorsey was present when plaintiff and Larson initially presented their information, the undisputed evidence contradicts the finding.

For the reasons stated, the judgment of the circuit court of Cook County upholding plaintiff's 30-day suspension is reversed.

Judgment reversed.

SIMON, P. J., and McGILLICUDDY, J., concur.