DONNA FITHIAN, Petitioner-Appellant, *v.* THE RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND, CITY OF CHICAGO, Respondent-Appellee.

First District (2nd Division)   No. 79-814

Opinion filed June 17, 1980.

Edward T. Graney, of Chicago, for appellant.

William R. Quinlan, of Chicago (Robert R. Retke and Marsile J. Hughes, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Donna Fithian, petitioner and widow of Leslie G. Fithian, appeals the respondent's, The Retirement Board of the Policemen's Annuity and Benefit Fund of Chicago (Board), denial of on-duty death benefits. The circuit court of Cook County affirmed. The sole issue is whether the decisions are against the manifest weight of the evidence.

Leslie G. Fithian, petitioner's husband and member of the City of Chicago Police Department, while at home in his bedroom, was allegedly installing a trigger shoe extender on a service revolver. The revolver discharged. A bullet passed through the upper abdomen. Officer Fithian died some 14 days later.

The Board awarded petitioner ordinary non-duty-related death benefits. Petitioner thereupon requested, and was granted, a rehearing to show that the death of Fithian was the result of an act of duty for which she was entitled to benefits for a duty-related death. After hearings the Board found that Fithian's death was not duty related.[1]

Thereafter petitioner filed a complaint for administrative review. (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) The trial court ordered (a) the cause to be remanded to the Board so that any party desiring to present additional evidence may do so; that (b) the Board shall state the basis for its decision; and (c) "❋ ❋ ❋ that if the Retirement Board finds that the medical malpractice case referred to in the Administrative Record is relevant to this cause it shall state the basis of said finding in order that this Court may properly reviewed [*sic*] said decision."

After conducting additional hearings the Board denied petitioner an on-duty compensation annuity. The trial court affirmed and this appeal followed.[2]

The record indicates that Fithian, while at home, was alone in a bedroom. An explosion was heard. Fithian told his wife he shot himself. He was rushed to the hospital where he told his wife that he was installing a trigger guard on his gun, and that when he tightened the Allen wrench,

---

[1] During the hearings the Board was advised that petitioner had filed a medical malpractice action as the result of Fithian's death. At the time the Board made its non-duty-related finding it also advised petitioner's attorney to refrain from filing for administrative review until after the civil malpractice suit was disposed of, "to afford Mrs. Fithian an opportunity to again appear before the Board should the malpractice suit be unsuccessful."

[2] Respondent asserts that the Board rendered a decision, as the result of the remand, on November 22, 1978. However, that decision is not in the record before this court. According to respondent it was not before the trial court. The instant record merely reflects the order of the circuit court dated March 21, 1979, affirming the Board's order as not being contrary to the manifest weight of the evidence.

the wrench slipped. The additional equipment is not required on service revolvers, but may be used.

According to the police report, Fithian's service revolver was on the bed, an Allen wrench was on the floor, and an empty case for a trigger shoe was found on the dresser in the bedroom. The report further stated the "victim was * * * putting a trigger guard [sic] on his .38 S & W service revolver."

The record indicates that Fithian's service revolver was recovered loaded with five live shells and one spent cartridge; that he also owned two other guns; and that according to petitioner her husband cleaned his gun in the basement about once a month.

I.

The controlling question is whether Fithian's death was duty related. The Board found the death was not duty related. The trial court held this finding was not contrary to the manifest weight of the evidence.

We have reviewed the record before us and are satisfied that Fithian's death did not occur while in an act of duty. (Ill. Rev. Stat. 1975, ch. 108½, par. 5—113.) We are also satisfied that the trial court was correct in concluding that respondent's finding was not contrary to the manifest weight of the evidence. According to well-established precedent we must affirm. See *Kerr v. Police Board* (1974), 59 Ill. 2d 140, 319 N.E.2d 478.

Affirmed.

STAMOS and HARTMAN, JJ., concur.