JAMES A. JOHNSON, Plaintiff-Appellant, v. THE RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND, Defendant-Appellee.

First District (4th Division)   No. 84—2770

Opinion filed October 24, 1985.

Mark D. Olson, of Chicago, for appellant.

James D. Montgomery, Corporation Counsel, of Chicago (Joseph A. Moore, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Under the Illinois Pension Code, a police officer disabled while engaged in an "act of duty," as defined in the statute (Ill. Rev. Stat. 1983, ch. 108½, par. 5—113), is entitled to duty-disability benefits amounting to 75% of his salary at the time disability is allowed. (Ill. Rev. Stat. 1983, ch. 108½, par. 5—154.) A police officer disabled, while not engaged in an "act of duty," receives ordinary disability benefits, which is 50% of his salary. (Ill. Rev. Stat. 1983, ch. 108½, par. 5—155.) The plaintiff, James A. Johnson, a policeman for the city of Chicago was disabled while on duty as a patrolman di-

recting traffic. In his claim for disability benefits, he alleged that he was disabled while engaged in an "act of duty" and therefore entitled to duty-disability benefits. The defendant, the retirement board of the policemen's annuity and benefit fund (board), admitted that Johnson was disabled while on duty but found that he was not engaged in an "act of duty" and, consequently, awarded him ordinary disability benefits. The circuit court of Cook County on administrative review affirmed the board's decision, and Johnson brings this appeal.

The sole issue on appeal is whether Johnson's injury was sustained as the result of an "act of duty" in order to be entitled to duty-disability benefits.

The parties agree that Johnson's injury occurred while he was on duty as a traffic patrolman directing traffic at the intersection of Michigan Avenue and Wacker Drive. According to Johnson's testimony before the board, his injury was sustained when he was responding to a citizen's call for assistance at an automobile accident which had occurred on Wacker Drive. Johnson stated that as he was crossing Michigan Avenue he slipped on wet pavement and, in an attempt to balance himself, ruptured the distal tendon in his right bicep, resulting in the permanent loss of use of his right arm and hand. On cross-examination, Johnson conceded that the injury-on-duty report, completed by Johnson, and the incident report made out by Johnson's sergeant, did not indicate that Johnson had sustained his injury in response to a citizen's call for assistance or in the investigation of an automobile accident. In its holding, the board noted that, aside from Johnson's testimony, there was no evidence to support Johnson's assertion that his injury occurred in response to a citizen's request for assistance. The board concluded that the mere act of crossing the street while directing traffic was not an "act of duty" in order to qualify Johnson for duty-disability benefits.

Section 5—113 of the Illinois Pension Code defines "act of duty" as follows:

"Any act of police duty inherently involving special risk, not ordinarily assumed by a citizen in the ordinary walks of life, imposed on a policeman by the statutes of this State or by the ordinances or police regulations of the city in which this Article is in effect or by a special assignment; or any act of heroism performed in the city having for its direct purpose the saving of the life or property of a person other than the policeman." Ill. Rev. Stat. 1983, ch. 108½, par. 5—113.

Johnson argues that regardless of whether his injury occurred

when he was crossing the street in response to a citizen's call or when he was crossing the street while directing traffic is irrelevant to the determination of duty-disability benefits. Johnson contends that what is significant is that he was on duty discharging his responsibilities as a police officer at the time of his injury. Under Johnson's construction, the phrase "act of duty" is intended to encompass his injury, because the nature of the activity that he was engaged in, directing traffic, is by its very nature of special risk, as it is not assumed by the ordinary citizen. The board, however, would impose a much narrower interpretation of this section. The board contends that the phrase "inherently involving special risk" qualifies the term "act of duty" to include only those acts that are inherently dangerous, such as pursuing a suspect. The board argues that the mere act of crossing the street does not involve a special risk not ordinarily assumed by a citizen.

We do not believe that the phrase "inherently involving special risk, not ordinarily assumed by a citizen in the ordinary walks of life" warrants the narrow construction given it by the board. A policeman is engaged in an activity inherently involving special risk whenever he is engaged in the performance of a duty peculiar to that of the office of a police officer, that is, to protect and serve the public. This activity inherently involves special risk not ordinarily undertaken by a citizen.

At the very least, Johnson's uncontradicted testimony established that he was crossing the street fulfilling his duties directing traffic when the injury occurred. Such activity was clearly not incident to a citizen in the ordinary walks of life. Rather, he was engaged in activities related to his duty as a police officer to protect and serve the public. A policeman is sworn to pursue this duty unselfishly though the employment may be dangerous. Indeed, Johnson here was expected to perform the requirements of his office, and he was in fact so engaged when he was injured.

Our conclusion does not render the provision on ordinary disability benefits meaningless. (Ill. Rev. Stat. 1983, ch. 108½, par. 5—155.) If, for example, a police officer injures himself by crossing the street to mail a letter on the order of his superior, even though the injury occurred on duty and within the scope of his employment, he does not qualify for duty-disability benefits as the activity he was engaged in involved something ordinarily assumed by a citizen. On the other hand, a policeman who injures himself crossing the street while directing traffic assumes duties not ordinarily undertaken by a citizen.

The few cases that have interpreted the term "act of duty" under the Illinois Pension Code are not particularly instructive. (*Fithian v. Retirement Board* (1980), 85 Ill. App. 3d 950, 407 N.E.2d 737; *Davis v. Retirement Board* (1972), 4 Ill. App. 3d 221, 280 N.E.2d 735; *Byrnes v. Retirement Board* (1949), 339 Ill. App. 55, 89 N.E.2d 59.) The application of *Byrnes* and *Fithian,* which upheld the denial of duty-related death benefits, is limited to the unique factual circumstances presented in each case. In *Byrnes,* the policeman died, while on a fishing vacation, attempting to swim to shore to seek aid for his drowning fishing companion. In *Fithian,* the police officer was killed after the gun he was cleaning accidentally misfired. In neither case does the reviewing court provide any guidance as to why the denial of duty-related benefits was affirmed.

However, the facts in *Davis* are somewhat analogous to the present case. In *Davis,* the court affirmed the award of duty-related death benefits in which the police officer's death occurred as the result of an investigation of a complaint of rape by one of his neighbors who had sought the officer's help because she knew that he was a policeman. Similarly, in the present case, Johnson's actions in directing traffic, like the investigation of a crime in *Davis,* which resulted in his injury, stemmed from an activity peculiar to his function as a police officer not ordinarily done by a citizen in the ordinary walks of life.

■ In conclusion, we hold that whenever a police officer is injured while performing his duty of protecting and serving the public, a duty peculiar to that of a police officer, he is entitled to duty-disability benefits. (Ill. Rev. Stat. 1983, ch. 108½, par. 5—154.) Therefore, the judgment of the circuit court of Cook County is reversed.

Reversed.

JOHNSON and LINN, JJ., concur.