THIRD DIVISION
JUNE 4, 2008

1-06-3729

| | | |
|---|---|---|
| MICHAEL MERLO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 06 CH 1314 |
| | ) | |
| ORLAND HILLS POLICE PENSION BOARD, | ) | Honorable |
| | ) | Nancy J. Arnold, |
| Respondent-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the opinion of the court:

The petitioner, Michael Merlo, filed a complaint in the circuit court of Cook County against the respondent, Orland Hills Police Pension Board, for administrative review of the respondent's decision to deny him a line of duty pension. The trial court reversed the respondent's decision and awarded the petitioner a line-of-duty pension for injuries he sustained while on patrol. On appeal, the respondent argues that the trial court's findings are against the manifest weight of the evidence. For the following reasons, we affirm the judgment of the circuit court.

BACKGROUND

The petitioner has been an officer with the Village of Orland Hills police department since January 4, 1982, and is also a member of the Orland Hills Police Pension Plan. On October 23, 2002, the petitioner was assigned to work patrol for his 3 p.m. to 11 p.m. shift. At that time, the petitioner was ranked as a sergeant within the department. During his shift, the petitioner was

dispatched to the community recreation center to respond to a call reporting juveniles engaging in mischievous conduct. The head of recreation for the village reported that juveniles were stacking parking blocks in the community center parking lot. When the petitioner arrived, three concrete parking blocks were stacked in the parking lot. The petitioner attempted to move the parking blocks and injured his back. Several physicians subsequently examined the petitioner's injury and determined that he was disabled and no longer able to perform the duties of a police officer.

The petitioner filed an application for line-of-duty disability benefits pursuant to section 3-114.1 of the Illinois Pension Code (the Code) (40 ILCS 5/3-114.1 (West 2004)) with the Orland Hills Police Pension Fund. On June 8, 2005, the petitioner sent a letter to the respondent to amend his application to include "not on duty benefits" pursuant to section 3-114.2 of the Code (40 ILCS 5/3-114.1 (West 2004)). On June 28, 2005, the respondent, the Orland Hills Police Pension Board, held a hearing on the petitioner's application. On December 21, 2005, the respondent issued its finding and decision, denying the petitioner a line-of-duty disability pension. The respondent found that the petitioner's injuries were not caused or incurred in the performance of an act of police duty. The respondent granted the petitioner a non-duty-related disability pension equal to 50% of his salary.

On January 19, 2006, the petitioner filed a complaint in the circuit court of Cook County for administrative review of the respondent's findings and decisions. The petitioner argued that the respondent's findings were against the manifest weight of the evidence, and were arbitrary and capricious. The trial court held that the petitioner was subject to a special risk because he was acting in the mandatory police capacity of responding to a call. The court explained that the petitioner had

a duty to act as necessary to ensure public safety. The court found it irrelevant that the petitioner had the option to call the public works department to remove the parking blocks. The court held that the respondent's finding was clearly erroneous and reversed the decision. The respondent has appealed.

ANALYSIS

On appeal, the respondent argues that the petitioner was not injured while performing an "act of duty" as required for a line-of-duty pension under the Code. The respondent contends that the petitioner was on duty at the time of the injury; however, his injury did not result from an act of police duty involving special risks. The respondent explains that the petitioner did not injure his back by responding to the disturbance call from the community center. Rather, the petitioner engaged in an act, the removal of the parking blocks, that was the statutory duty of the village public works department. The petitioner argues that he was engaged in a patrol response when he was injured. He contends that patrol is an act that is not performed by a citizen in the ordinary walks of life. The petitioner argues that the respondent improperly focused on the precise physical activity and the discretion involved in the performance of the activity. The petitioner contends that the moving of the parking blocks was an extension of his duty to protect the public.

The applicable standard of review of an administrative agency's decision depends upon whether the issue presented before the court is one of either fact or law. Carpetland U.S.A., Inc. v. Illinois Department of Employment Secretary, 201 Ill. 2d 351, 369, 776 N.E.2d 166, 177 (2002). If the issue is purely a question of law then it is reviewed *de novo*. Carpetland U.S.A., Inc., 201 Ill. 2d at 369, 776 N.E.2d at 177. However, when the court reviews an administrative agency's factual findings, the findings and conclusions are deemed to be "prima facie true and correct," and the

3

manifest weight of the evidence standard is applied. Carpetland U.S.A., Inc., 201 Ill. 2d at 369, 776 N.E.2d at 177. In some cases, the issue presented to the court may involve a mixed question of fact and law. City of Belvidere v. Illinois State Labor Relations Board, 181 Ill. 2d 191, 205, 692 N.E.2d 295, 302 (1998); Carpetland U.S.A., Inc., 201 Ill. 2d at 369, 776 N.E.2d at 177. As in this case, a clearly erroneous standard is appropriate for review of an agency's decision that presents a mixed question of fact and law. City of Belvidere v. Illinois State Labor Relations Board, 181 Ill. 2d at 205, 692 N.E.2d at 302. "We will reverse only if, after review of the entire record, we are ' "left with the definite and firm conviction that a mistake has been committed." ' " Carpetland U.S.A., Inc., 201 Ill. 2d at 369, 776 N.E.2d at 177, citing AFM Messenger Service, Inc. v. Department of Employment Security, 198 Ill. 2d 380, 395, 763 N.E.2d 272, 282 (2001), quoting United States v. United States Gypsum Co., 333 U.S. 364, 395, 92 L. Ed. 746, 766, 68 S. Ct. 525, 542 (1948).

In this case, the statute relevant to resolution, section 3-114.1(a) of the Code states in pertinent part:

> "(a) If a police officer as the result of sickness, accident or injury incurred in or resulting from the performance of an act of duty, is found to be physically or mentally disabled for service in the police department, so as to render necessary his or her suspension or retirement from the police service, the police officer shall be entitled to a disability retirement pension equal to *** 65% of the salary attached to the rank on the police force held by the officer at the date of suspension of duty or retirement ***.

A police officer shall be considered 'on duty' while on any assignment approved by the chief of the police department of the municipality he or she serves, whether the assignment is within or outside the municipality." 40 ILCS 5/3-114.1(a) (West 2004).

An officer who is injured from a cause that is not an act of duty is entitled to a pension equal to 50% of his salary at the date of suspension of duty. 40 ILCS 5/3-114.2(a) (West 2004).

An officer does not qualify for line-of-duty disability benefits merely because he was injured while on duty. White v. City of Aurora, 323 Ill. App. 3d 733, 736, 753 N.E.2d 1244, 1246 (2001). Section 5-113 of the Code defines an act of duty as "[a]ny act of police duty inherently involving special risk, not ordinarily assumed by a citizen in the ordinary walks of life, imposed on a policeman by the statutes of this State or by the ordinances or police regulations of the city in which this Article is in effect or by a special assignment; or any act of heroism performed in the city having for its direct purpose the saving of the life or property of a person other than the policeman." 40 ILCS 5/5-113 (West 2004). "[I]njuries resulting from risks comparable to those encountered in civilian occupations are not compensable as resulting from acts of duty." Morgan v. Retirement Board of Policemen's Annuity & Benefit Fund, 172 Ill. App. 3d 273, 276, 526 N.E.2d 493, 496 (1988).

The supreme court in Johnson v. Retirement Board of the Policemen's Annuity & Benefit Fund, 114 Ill. 2d 518, 502 N.E.2d 718 (1986), and Robbins v. Board of Trustees of the Carbondale Police Pension Fund of the City of Carbondale, Illinois, 177 Ill. 2d 533, 542, 687 N.E.2d 39, 44 (1997), clarified the definition of an "act of duty." In Johnson, the petitioner was a police officer on

traffic control duty and was injured when a citizen asked him to assist in a traffic accident. As the officer crossed the intersection, he slipped and fell on wet pavement, injuring his right arm and hand. The respondent argued that the officer only qualified for ordinary disability benefits because "traversing a street" is not inherently dangerous and is involved in many civilian occupations. Johnson, 114 Ill. 2d at 522, 502 N.E.2d at 719. The Illinois Supreme Court rejected this reasoning and held that the Code does not "require that an officer be injured by an act of duty." (Emphasis omitted.) Johnson, 114 Ill. 2d at 522, 502 N.E.2d at 720. But, rather, the Code requires that the "officer is 'disabled *** as the result of injury incurred *** in the performance of an act of duty.' Ill. Rev. Stat. 1983, ch. 108 ½ , par. 5-154." (Emphasis omitted.) Johnson, 114 Ill. 2d at 522, 502 N.E.2d at 720. In Robbins, 177 Ill. 2d at 542, 687 N.E.2d at 44, the Illinois Supreme Court also examined a claim for duty-related stress and held that officers must demonstrate that their disability resulted from a specific identifiable act, unique to police work.

This appellate court has addressed this issue in Morgan v. Retirement Board of Policemen's Annuity & Benefit Fund, 172 Ill. App. 3d 273, 276, 526 N.E.2d 493, 496 (1988), White v. City of Aurora, 323 Ill. App. 3d 733, 736, 753 N.E.2d 1244, 1246 (2001), and Alm v. Lincolnshire Police Pension Board, 352 Ill. App. 3d 595, 816 N.E.2d 389 (2004). In Morgan, the petitioner was injured while completing a police report when he sat down and his chair rolled away from him. The court held that many "injuries resulting from risks comparable to those encountered in civilian occupations are not compensable as resulting from acts of duty." Morgan, 172 Ill. App. 3d at 277, 526 N.E.2d at 496. In White, the petitioner was injured when he slipped and fell while exiting his car to place a parking citation on another vehicle. The court held that the petitioner was completing a clerical

act, not unlike many civilian occupations, when the petitioner filled out citations and placed them on vehicles. The court explained that the petitioner's injury was not the result of a "special risk not ordinarily assumed by citizens in the ordinary walks of life." White, 323 Ill. App. 3d at 736, 753 N.E.2d at 1247. In White, the dissenting justice explained that "the capacity in which the police officer is acting" must be examined to determine whether the police officer's injury occurred during an act of duty. Lastly, in Alm, the petitioner developed a knee injury from riding in the bicycle patrol unit of the police department. The majority, in that case, agreeing with the dissent in White, held that in deciding whether an officer is injured in an act of duty, the court must examine the capacity in which the officer was acting when he was injured. Alm, 352 Ill. App. 3d at 602, 816 N.E.2d at 395. We agree with the reasoning in Alm and find it instructive for resolution of the case before us.

In this case, the petitioner responded to a civilian call reporting mischievous juveniles stacking concrete parking blocks in a parking lot. When the petitioner arrived, he attempted to remove the hazard by unstacking the concrete parking blocks and injured his back. The respondent argues that the petitioner did not engage in an act of duty because the alleged mischievous juveniles had already left the premises and it was the duty of the village public works department to move the parking blocks. We disagree.

Our supreme court in Johnson instructs us to examine whether the petitioner was injured " 'in the performance of an act of duty.' Ill. Rev. Stat. 1983, ch. 108 ½, par. 5-154." Johnson, 114 Ill. 2d at 522, 502 N.E.2d at 720. In this case, the petitioner, in his capacity as a police officer, responded to a call reporting juveniles stacking parking blocks. In response to this call, the petitioner

7

decided to unstack the parking blocks to eliminate a safety hazard to the general public in the parking garage. "'A policeman is actually engaged in the performance of his duty for the protection of life and property whenever he is carrying out the official orders or requirements of his office.'" Johnson, 114 Ill. 2d at 522, 502 N.E.2d at 720, quoting Blanchard v. New Orleans Police Department, 210 So. 2d 585, 588 (La. App. 1968). As a patrol officer, the petitioner had a duty, not only to confront the juveniles in the parking lot, but to eliminate the safety hazard which they created on the premises.

The respondent also contends that the petitioner's act did not involve any special risks because the village public works department, a civilian office, had a duty to remove the parking blocks. It argues that the petitioner was involved in an act of duty when he responded to the call, but after he arrived and found the stacked parking blocks, he only faced a risk encountered by ordinary citizens. Again, we disagree. The petitioner's duty to protect the public was not eliminated because the village public works department had a duty to remove the stacked parking blocks at some later time.

Under the respondent's reasoning, a police officer would risk losing his line-of-duty disability pension by eliminating a safety hazard to the general public if the hazard was a risk faced by ordinary citizens. This reasoning is not only contrary to public policy and safety, it is contrary to the holding in Johnson. As the court held in Alm, we must examine the capacity in which the police officer was acting when he was injured. Alm, 352 Ill. App. 3d at 602, 816 N.E.2d at 395. The respondent's position focuses solely on the acts of the petitioner at the specific instant of injury and not the capacity in which he performed those acts. The petitioner was responding to a call from a civilian reporting juveniles creating a safety hazard on the premises of a parking lot. Although the petitioner

8

did not have the opportunity to confront the juveniles, we find that he was acting in his capacity as a police officer and properly exercised his discretion when he attempted to remove the safety hazard created by the juveniles.

Unlike in Morgan and White, the petitioner was not injured while performing an act of duty that is void of special risks unique to police work and encountered by ordinary citizens. The village public works department may be duty bound to move concrete parking blocks; however, the employees of that department are not required to respond to a citizen's call to confront mischievous juveniles or immediately eliminate the resulting safety hazards to the general public. The petitioner's acts were that of a police officer responding to a civilian call; trying to immediately eliminate a public safety hazard. Thus, the petitioner is entitled to a line-of-duty pension for his injuries.

For the following reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

QUINN, P.J., and THEIS, J., concur.