2022 IL App (1st) 220737-U

FOURTH DIVISION
Order filed: December 15, 2022

No. 1-22-0737

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| SAMANTHA T. GONZALEZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | No. 2020 CH 07053 |
| THE RETIREMENT BOARD OF THE POLICEMEN'S | ) | |
| ANNUITY & BENEFIT FUND OF THE CITY OF | ) | |
| CHICAGO, | ) | Honorable |
| | ) | Caroline Kate Moreland, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concur in the judgment.

**ORDER**

¶ 1    *Held*:  We affirmed the judgment of the circuit court that confirmed a decision of the Retirement Board of the Policemen's Annuity & Benefit Fund of the City of Chicago (Board) which denied the plaintiff a duty disability benefit, finding that the Board's decision is neither against the manifest weight of the evidence nor clearly erroneous.

¶ 2    The plaintiff, Samantha T. Gonzalez, appeals from an order of the circuit court that confirmed a decision of the Retirement Board of the Policemen's Annuity & Benefit Fund of the City of Chicago (Board) which denied her application for a duty disability benefit pursuant to section 5/5-154 of the Illinois Pension Code (Code) (40 ILCS 5/5-154 (West 2014)). For the reasons which follow, we affirm the judgment of the circuit court.

¶ 3    At all times relevant, the plaintiff was a sworn member of the Chicago Police Department (CPD), having been appointed on September 29, 2014. On November 3, 2015, the plaintiff was on duty, in full uniform, riding her CPD issued bicycle and patrolling the 25th police district parking lot as part of her routine patrol assignment. As she attempted to dismount the bicycle for the purpose of entering the 25th police district building to meet with a supervisor, she stepped into a pothole injuring her left foot and left ankle. Following a period of treatment and convalescence, it was determined that the plaintiff is not able to return to work with the CPD in any capacity.

¶ 4    On September 13, 2019, the plaintiff filed an application with the Board, seeking duty disability benefits pursuant to section 5/5-154 of the Code. On September 24, 2020, the Board held a hearing on the plaintiff's application. The plaintiff was the only witness to testify at that hearing. Medical records and CPD records were admitted in evidence by way of stipulation.

¶ 5    On October 29, 2020, the Board issued its written decision, denying the plaintiff's application for a duty disability benefit and awarding her an ordinary disability benefit pursuant to section 5/5-155 of the Code (40 ILCS 5/5-155 (West 2014)). The written decision states that the Board found that the plaintiff's disability was not the result of an injury incurred in the performance of an "act of duty" as that term is defined in section 5/5-113 of the Code (40 ILCS 5/5-113 (West 2014)). Specifically, the Board found that the plaintiff's act of dismounting from her patrol bicycle

for the purpose of entering the 25th police district building was not an act of police duty inherently involving a special risk not ordinarily assumed by a citizen in the ordinary walks of life.

¶ 6     The plaintiff filed a timely action for administrative review of the Board's decision in the circuit court of Cook County. On May 11, 2022, the circuit court entered an order confirming the Board's decision, and this appeal followed.

¶ 7     On appeal, the plaintiff argues that the Board's determination that her disability was not the result of an injury incurred in the performance of an act of duty is against the manifest weight of the evidence and concludes, therefore, that the denial of her application for a duty disability benefit is erroneous. According to the plaintiff, she was injured while performing a "rolling dismount" of the bicycle she was riding during her "sweep" of the 25th district parking lot. She contends that her disability is the result of an injury incurred in the performance of an act of duty; namely, patrolling the parking lot and dismounting the bicycle she was riding by means of a specialized maneuver required of a CPD bike patrol officer.

¶ 8     In support of its denial of the plaintiff's application for a duty disability benefit, the Board argues that the plaintiff "was not injured while performing an 'act of duty' because she was not: (1) performing an act mandated by statute, ordinance or police department regulation; nor (2) acting for the direct purpose of saving life or property; nor (3) acting in a capacity without a civilian counterpart." We agree with the Board.

¶ 9     On appeal of an order of the circuit court entered on administrative review, we review the decision of the administrative agency, not the determination of the circuit court. *Swanson v. Board of Trustees of the Flossmore Police Pension Fund.,* 2014 IL App (1st) 130561, ¶ 27. In conducting our review, we are obligated to take the findings and conclusions of the administrative agency on questions of fact to be *prima facie* true and correct. *Id.* (citing 735 ILCS 5/3-110 (West 2020)).

We review questions of law *de novo,* questions of fact applying a manifest weight standard, and mixed questions of fact and law under a clearly erroneous standard. *Id.* A factual determination of an administrative agency is contrary to the manifest weight of the evidence only if an opposite conclusion is clearly evident. *Marconi v. Chicago Heights Police Pension Board,* 225 Ill. 2d 497, 534 (2006). An administrative agency's determination on a mixed question of fact and law is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been committed. *AMF Messenger Service, Inc., v. Department of Employment Security,* 198 Ill. 2d 380, 393 (2001).

¶ 10    An applicant for any disability benefit pursuant to the Code bears the burden of proving her entitlement to the benefit. *Daily v. Board of Trustees of the Springfield Police Pension Fund,* 251 Ill. App. 3d 119, 123 (1993). In this case, the Board correctly found that, to entitle the plaintiff to a duty disability benefit under section 5/5-154 of the Code, it was her burden to prove both that she is disabled and that her disability was the result of an injury incurred in the performance of an act of duty. It is not disputed that the plaintiff suffers from a disability that, as the Board found, renders her unable to return to active service with the CPD in any capacity. See 40 ILCS 5/5-115 (West 2014) (" 'Disability': A condition of physical or mental incapacity to perform any assigned duty or duties in the police service."). Although the Board found that the plaintiff is entitled to an ordinary disability benefit pursuant to section 5/5-155 of the Code, it found that she is not entitled to a duty disability benefit pursuant to section 5/5-154 of the Code because her disability was not the result of an injury incurred in the performance of an act of duty.

¶ 11    Section 5/5-154 of the Code provides in relevant part that an active police officer who becomes disabled as the result of an injury incurred "in the performance of an act of duty" has the right to receive a duty disability benefit during any period of such disability for which he or she

does not have a right to receive salary equal to 75% of his or her salary. 40 ILCS 5/5-154 (West 2014). Section 5/5-113 of the Code defines the phrase "act of duty" as:

> "Any act of police duty inherently involving special risk, not ordinarily assumed by a citizen in the ordinary walks of life, imposed on a policeman by the statutes of this State or by the ordinances or police regulations of the city in which this Article is in effect or by a special assignment; or any act of heroism performed in the city having its direct purpose the saving of the life or property of a person other than the policeman." 40 ILCS 5/5-113 (West 2014).

¶ 12    It is not disputed that, when injured as she dismounted the bicycle she was riding, the plaintiff was neither performing an act mandated by statute, ordinance, or police department regulation, nor acting for the direct purpose of saving life or property. The issue presented is whether, in dismounting the bicycle, the plaintiff was performing an act of police duty inherently involving a special risk not ordinarily assumed by a citizen in the ordinary walks of life.

¶ 13    In this case, the Board found that the plaintiff's injuries were sustained after she dismounted from her patrol bicycle for the sole purpose of entering the 25th police district building for a meeting. The Board concluded that "[t]his incident does not meet the statutory requirement as an 'act of police duty inherently involving special risk, not ordinarily assumed by a citizen in the ordinary walks of life ***[.]' " The plaintiff asserts, however, that she "was performing her assigned 'sweep' of the parking lot at the time that she stepped into the pothole." She contends that "[t]here was no evidence presented during the [Board] hearing to support a conclusion [that she] *** had completed her assigned task before dismounting from the bike." We believe that the evidence presented before the Board belies the plaintiff's assertion that she was performing her

assigned "sweep" of the parking lot at the time that she dismounted the bicycle she was riding and stepped into the pothole.

¶ 14    The plaintiff testified that, prior to her injuries, her assigned duties on November 3, 2015, consisted of patrolling the 25th police district parking lot while riding a CPD issued bicycle. She stated that she was "sweeping" the parking lot for any activity, checking to see if there was anyone in the parking lot. According to the plaintiff, she came to a stop, and as she was dismounting by means of a "rolling dismount," she stepped in a pothole and "rolled" her ankle. The plaintiff was asked: "Did you stop because you wanted to investigate something or look around the parking lot?" She answered: "I was stopping because we were going into the district to meet with the sergeant." Contrary to the plaintiff's contention, the evidence before the Board supports the Board's conclusion that the plaintiff's injuries were sustained as she was dismounting the bicycle she was riding for the sole purpose of entering the 25th police district building for a meeting.

¶ 15    The plaintiff cites a number of cases in support of her argument that her disability was the result of an injury incurred in the performance of an act of duty. However, we find the cases upon which the plaintiff relies distinguishable on their facts.

¶ 16    In *Alm v. Lincolnshire Police Pension Board,* 352 Ill. App. 3d 595 (2004), the police officer incurred a disabling injury in the course of riding his bicycle while on patrol. The appellate court found that pedaling a bicycle while on patrol was an act of duty because the injured officer was required to face special risks not ordinarily encountered by civilians, such as riding at night over varying terrain while looking after his own personal safety and also remaining vigilant in the performance of his patrol duties. *Id.* at 601

¶ 17    In *Gilliam v. Board of Trustees of the City of Pontiac Police Pension Fund,* 2018 IL App (4th) 170232, the police officer was injured while attempting to perform a "parallel curb assent"

during a bicycle-patrol training session. The particular training course was intended for police officers and was designed to train the officers in the techniques to be utilized while on bicycle patrol. In concluding that the officer was disabled as the result of an injury incurred in the performance of an act of duty, the appellate court found that, based upon the nature of the officer's training, she was injured while acting in the capacity of a bicycle-patrol officer which involved special risks of police patrol. Specifically, she was required to learn the skill as a safety maneuver, a divertive maneuver, or as an assertive maneuver in a felony pursuit. The officer was learning to keep her attention and energies directed towards being prepared to deal with any eventuality. *Id.* ¶¶ 3, 6, 35, 39.

¶ 18    In *Jones v. Board of Trustees of the Police Pension Fund of the City of Bloomington,* 384 Ill. App. 3d 1064 (2008), the police officer, while driving a police transport van on routine patrol, was injured as the result of a traffic accident. The appellate court found that the duties of routine patrol involve special risks not assumed by ordinary citizens driving down a street. Those special risks include being prepared to respond to emergency calls, deterring crime, responding to citizen requests, controlling and regulating traffic, and maintaining constant vigilance. *Id.* at 1073. As a consequence, the appellate court found that the officer's disability was the result of an injury incurred in the performance of an act of duty involving a special risk, and he was, therefore, entitled to a duty disability benefit. *Id.* at 1074.

¶ 19    In *Rose v. Board of Trustees of the Mount Prospect Police Pension Fund,* 2011 IL App (1st) 102157, the police officer, while on routine patrol, was injured as the result of an automobile accident. The appellate court concluded that the officer was entitled to a duty disability benefit because his disability was the result of an injury incurred in the performance of an act of duty. The

*Rose* court reasoned that the officer, when injured, was performing patrol duties which inherently involve special risks not ordinarily assumed by regular citizens in their daily lives. *Id.* ¶¶ 75–78.

¶ 20    In determining whether the plaintiff-officers in *Alm, Gilliam, Jones,* and *Rose,* were disabled as the result of an injury incurred in the performance of an act of duty, the focus of the inquiry on review was the capacity in which the officer was acting at the time of his or her injury. In *Alm, Jones,* and *Rose*, the officers were injured while on patrol. The appellate court in each of these cases found that patrol duties involve special risks not ordinarily assumed by a citizen in the ordinary walks of life.  In *Gilliam,* the officer was injured during a bicycle-patrol training session while acting in the capacity of a bicycle-patrol officer which the court found involved special risks of police patrol. In contrast, the plaintiff in this case, by her own admission, was not injured while on patrol, but rather when she was dismounting the bicycle she was riding to go into the 25th district building to meet with a sergeant.

¶ 21    The plaintiff also relies on the opinion in *Martin v. Board of Trustees of the Police Pension Fund of the Village of Shiloh,* 2017 IL App (5th) 160344. In that case, the plaintiff-officer was injured when the unmarked police vehicle in which he was riding as a passenger was struck in the rear by another vehicle while stopped at a stoplight. The officer was on duty when the accident occurred and was returning to the Shiloh police department from the St. Clair County courthouse where he had obtained subpoenas for an ongoing investigation. *Id.* ¶ 28. The 5th District of the appellate court in *Martin* found that, because the officer "was on duty at the time of the accident and was a passenger in a squad car, he was subject to attend to any other police responsibility if necessary" (*Id.*), and concluded, therefore, that the officer was in the performance of an act of duty at the time of his injury, entitling him to a duty disability benefit (*Id.* ¶ 29). However, in *Griffin v. Village of New Lenox Police Pension Fund,* 2021 IL App (3d) 190557, the 3rd District of the

appellate court found that the *Martin* decision is not well-reasoned and declined to follow it. *Id.* ¶¶ 35–36. The *Griffin* court concluded that under the analysis in *Martin* merely being on duty would qualify an injured officer to a duty disability benefit, thus rendering the legislature's use and definition of "act of duty" superfluous and conflating the concept of "act of duty" with "on duty." *Id.* ¶ 36. We agree and also decline to follow *Martin* for the same reason.

¶ 22    To qualify for a duty disability benefit under section 5/5-154 of the Code, it is not enough that a police officer was injured while on duty. *Gilliam,* 2018 IL App (4th) 170232, ¶ 28. A police officer does not perform an "act of duty" merely by being on duty. *Sarkis v. City of Des Plaines,* 378 Ill. App. 3d 833, 837 (2008). Rather, she must be performing a task involving a special risk not ordinarily assumed by ordinary citizens. 40 ILCS 5/5-113 (West 2014); *Johnson v. Retirement Board of the Policemen's Annuity & Benefit Fund,* 114 Ill. 2d 518, 522 (1986). Not all police tasks involve a "special risk." *Jones,* 384 Ill. App. 3d at 1070.

¶ 23    The seminal case in Illinois interpreting "act of duty" is *Johnson v. Retirement Board of the Policemen's Annuity & Benefit Fund,* 114 Ill. 2d 518 (1986). In *Johnson,* the supreme court held that section 5/5-154 of the Code, which established the right to a duty disability benefit, does not require that an officer be injured by an act of duty. Rather, an officer is entitled to a duty disability benefit when he or she is disabled as the result of an injury incurred in the performance of an act of duty. *Id.* at 522. Whether an officer has been injured in the performance of an act of duty is determined by the capacity in which he or she was acting when injured, rather than the precise physical act that caused the injury. *Id.* at 522–23.

¶ 24    The focus in this case is the capacity in which the plaintiff was acting at the time of her injury and whether that capacity involved a special risk not ordinarily assumed by a citizen in the ordinary walks of life. 40 ILCS 5/5-113 (West 2014). The plaintiff argues that, in dismounting the

bicycle to enter the 25th district building to meet with her sergeant, she was performing an act of police duty inherently involving a special risk not ordinarily assumed by an ordinary citizen; namely, dismounting a bicycle using a "rolling dismount" which is a special procedure taught by the CPD that is different from a normal civilian dismount. She testified, however, that a "rolling dismount" maneuver is used "[s]o you can get off your bike quickly to handle any situation you may be in." The plaintiff admitted that she was not dismounting the bicycle to investigate anything or to look around the parking lot she had been patrolling. She testified that she had stopped the bicycle and was dismounting to go into the 25th district building to meet with a sergeant. The Board found, and we agree, that dismounting a bicycle to attend a meeting "does not meet the statutory requirement as an 'act of police duty inherently involving special risk not ordinarily assumed by a citizen in the ordinary walks of life.' " The risk faced by the plaintiff in dismounting the bicycle she was riding was essentially no different than the risk faced by any other individual dismounting a bicycle. Nothing in her duties as a police officer increased that risk.

¶ 25    The Board in this case was tasked with determining whether the plaintiff was injured in the performance of an "act of duty" as that term is defined in section 5/5-113 of the Code. Part of its inquiry necessarily involved both a question of law and a factual determination. The Board was required to interpret the statutory definition of an "act of duty" and also determine whether, at the time of her injury, the plaintiff was performing a police duty involving a special risk not ordinarily assumed by an ordinary citizen. In resolving the question of whether the plaintiff's disability was the result of an injury incurred in the performance of an "act of duty," the Board was presented with a mixed question of law and fact. Consequently, our review is governed by the clearly erroneous standard. See *Gilliam,* 2018 IL App (4th) 170232, ¶¶ 23–24.

¶ 26    Based on the foregoing analysis, we conclude that the Board's finding that the plaintiff's disability was not the result of an injury incurred in the performance of an "act of duty" is not clearly erroneous. Therefore, we affirm the judgment of the circuit court that confirmed the Board's decision denying the plaintiff's application for a duty disability benefit pursuant to section 5/5-154 of the Code.

¶ 27    Affirmed.